# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY SCOTT SAVAGE, et al.,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV 99-N-1590-S |
| **CROSS COUNTRY BANK, et al.,** | ] | |
| Defendant(s). | ] | |

FILED
AUG 3 1 1999
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## Memorandum of Opinion

ENTERED
SEP 0 1 1999

### I. Introduction.

The court has for consideration plaintiffs' motion to remand, filed July 9, 1999. The plaintiffs contend that this court does not have subject matter jurisdiction over this case, and must remand it. The defendants removed the action from the Circuit Court of Jefferson County, Bessemer Division. In their notice of removal, filed June 21, 1999, the defendants asserted federal jurisdiction in this court on the alternate grounds of diversity of citizenship, under 28 U.S.C. § 1332, and the existence of a federal question, under 28 U.S.C. § 1331, via the Fair Credit Reporting Act, 15 U.S.C. § 1681a-1681t. *See Notice of Removal,* ¶¶ 7, 10-14. The crux of the plaintiffs' claims is that the defendants wrongfully charged them an annual fee on a canceled credit card account, and then reported this fee as unpaid to a credit reporting agency, allegedly damaging plaintiffs' credit record and reputation. The named

defendants are Cross Country Bank ("Cross Country") and Applied Card Systems ("Applied").[1]

The motion before the court has been fully briefed and was orally argued on August 31, 1999. The issues are ripe for decision. Upon due consideration, the motion to remand will be granted.

## II. Diversity Jurisdiction.

The plaintiffs admit that there is diversity of citizenship among the parties, but argue that subject matter jurisdiction is lacking because the amount in controversy does not exceed seventy-five thousand dollars. 28 U.S.C. § 1332. Where the plaintiffs' claim for damages is unspecified, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *see also Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993).[2] At the time of removal,[3] the plaintiffs' complaint in this case made an unspecified demand for compensatory and punitive damages. The plaintiffs contend that the defendants have not

---

[1] Another defendant was dismissed by order of this court, on motion by the plaintiffs. *See Order* entered August 2, 1999, as modified by *Order* entered August 19, 1999.

[2] In *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994), the Eleventh Circuit held that when a plaintiff specifically claims less than $75,000, a removing defendant must prove to a "legal certainty" that the plaintiff would not recover less than $75,000 if she prevailed.

[3] The Supreme Court long ago made clear that federal jurisdiction is to be determined based on the facts and pleadings as they existed *at the time of removal* and not later. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *see Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860, 112 L. Ed. 2d 951 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

presented sufficient evidence to prove that the amount at stake in this litigation more likely than not exceeds $75,000. This court agrees.

The plaintiffs here allege that their credit history was marred by the misdeeds of the defendants. They bring claims of fraud, intentional misrepresentation, negligence, wantonness, intentional interference with business relations, defamation, invasion of privacy, and outrage. The plaintiffs seek punitive damages to punish the defendants for their allegedly intentional misconduct. As the compensatory damages involved in this case are apparently not large, the defendants premise their arguments that the amount in controversy exceeds $75,000 on the plaintiffs' punitive damages claims.

The court is well aware that certain courts in this state are famous for awarding large amounts of punitive damages in consumer fraud cases. The court is ordinarily willing to take judicial notice of such awards, and govern its assessment of the amount in controversy accordingly. However, before doing so the court always tries to ensure that the cases it uses for comparison are at least reasonably related to the case before it. Not all cases are created equal, after all, and the type of conduct involved, the position of the plaintiffs, and, unfortunately, the court in which the case is heard, all may significantly affect its ultimate value. The court is unaware of any cases which can realistically be compared to this one, and knows nothing about the typical award in cases of this type or in cases brought in the Bessemer Division of the Circuit Court of Jefferson County.[4] *See Lowe's OK'D Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388 (M.D. Ala. 1998) (conducting an analysis of

---

[4] The court's general impression is that the Jefferson County Circuit Court is not known for high punitive damage awards.

comparison cases based on these and other factors). The defendants have done nothing to alleviate the court's ignorance on this point. Indeed, they have put forward no proof at all on the amount in controversy issue, and instead have simply asserted in their brief that "it is highly likely" that the judgment would exceed $75,000 if the plaintiffs prevailed. *Defendants' Joint Brief* at 6. Under the circumstances, this bare assertion is simply not sufficient to carry the defendants' burden of proof on the amount in controversy issue.

The defendants have failed to establish that the plaintiffs meet the $75,000 amount in controversy requirement. Accordingly, the Court concludes that no diversity jurisdiction exists.

## III. Federal Question Jurisdiction Arising Under the Fair Credit Reporting Act.

The defendants alternatively contend that this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a-1681t, thereby creating federal question jurisdiction. The FCRA provides certain protections for consumers to assure accuracy and fairness in the credit reporting process. The FCRA also provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). State and federal courts have concurrent jurisdiction over FCRA claims. *Id.* § 1681p.

- 4 -

Defendants essentially argue that the claims made against the defendants are "classic" FCRA claims[5] which have been "artfully pleaded" in state law form, so that this case necessarily involves a federal question which gives this court jurisdiction. This argument is entirely unpersuasive.

Any assessment of federal question jurisdiction must begin with the principle that the plaintiff "is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 411, 57 L Ed. 716 (1913), and thus has the prerogative to rely on state law alone, although both state and federal law may give him a cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The claims in plaintiffs' complaint sound only in state law, so application of the well-pleaded complaint rule would lead to a finding that federal jurisdiction is improper.

To remain before this court, defendants must fit this case within an exception to the well-pleaded complaint rule. While that rule governs most cases, so that in the words of Justice Holmes "'[a] suit arises under the law that creates the cause of action'" in the vast majority of cases, *see Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983) (quoting *American Well Works v. Lane*

---

[5] The court ventures no opinion on this point.

- 5 -

& *Bowler Co.*, 241 U.S. 257, 260, 36 S. Ct. 585, 586, 60 L. Ed. 987 (1916)), federal courts have long recognized that there are some circumstances in which federal jurisdiction should reach beyond purely federal causes of action, because federal laws and federal interests are heavily intertwined with a state law claim. *See id.; see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 & n.12, 106 S. Ct. 3229, 3235 & n.12, 92 L. Ed. 2d 650 (1986) (discussing the practical assessment of federal interests required in analyzing these situations). Thus courts have recognized as "an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22, 103 S. Ct. at 2853. "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion," the court may take jurisdiction over the federal question. *Rivet v. Regions Bank*, 118 S. Ct. 921, 925 (1998); *see also Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.1986) ("[I]n certain limited circumstances a plaintiff may not defeat removal by clothing a federal claim in state garb, or, as it is said, by the use of 'artful pleading.'").

Defendants claim that under these principles federal jurisdiction should apply because the plaintiffs's claim fit naturally under the umbrella of FCRA, and will "ultimately" be "controll[ed]" by its "comprehensive and specific provisions." *Defendants' Joint Brief* at 4. Defendants may be correct, but only because the plaintiffs' state law claims may not survive FCRA preemption. Otherwise, the outcome of the case will be governed by the elements and analysis mandated by state law, as it is state law claims which the plaintiffs have chosen to allege. Those claims can stand on their own, without hidden support from federal law. *Compare Marcus v. AT&T Corp.*, 138 F.3d 46, 55-56 (2d Cir. 1998) (state law

- 6 -

breach of contract claim actually based on federal tariff with force of federal law); *Jairath v. Dyer*, 961 F. Supp. 277 (N.D. Ga. 1996) (federal jurisdiction proper where federal law provides the state law standard for liability). The complaint therefore states no "necessary" federal question which has been hidden by "artful pleading." Aside from the preemptive effect of FCRA, all of the issues posed are state law issues.

Furthermore, the possibility of federal preemption is not sufficient to trigger federal jurisdiction. A case ordinarily cannot be "removed on the basis of a federal defense, including . . . preemption." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d at 318. The preemptive effect of a federal statute confers federal jurisdiction over state law claims only in exceptional circumstances. The "complete preemption" corollary[6] to the well-pleaded complaint rule "allows removal where federal law completely preempts a plaintiff's state-law claim," *id.*, on the theory that when the "preemptive force" of federal law is "so powerful as to displace entirely any state cause of action," any claim is in reality "purely a creature of federal law." *Franchise Tax Bd.*, 463 U.S. at 23-24, 103 S. Ct. at 2853-54. A federal statute with this "extraordinary preemptive power" "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547, 95 L. Ed. 2d 55 (1987); *see also Rivet*, 118 S. Ct. at 926 (in these situations, federal law "transform[s] the plaintiff's state-law claims into federal claims").

---

[6] This doctrine is variously known as the "complete preemption" or "super preemption" exception to the well-pleaded complaint rule, *see, e.g., Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997), or "super-duper" preemption, as Judge Acker has referred to it in the ERISA arena. *See, e.g., Anderson v. Metropolitan Life Insurance Co.*, No. 96-AR-2703-S, 1997 WL 115863, at *1 (N.D. Ala. Jan. 3, 1997).

The Supreme Court has warned that the "extraordinary" but necessary finding of complete preemption should not be made lightly. *Metropolitan Life Ins.*, 481 U.S. at 65, 107 S. Ct. at 1547; *see* 481 U.S. at 67-68, 107 S. Ct. at 1548 (Brennan, J., concurring); *see also Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 367 (5th Cir. 1995) ("Absent such extraordinary circumstances, the well-pleaded complaint rule governs."). To date, the Supreme Court has recognized complete preemption in only three limited areas. *Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. 1998). While no precise test for complete preemption has ever been formulated, the Court has made it clear that "the touchstone of the ... court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress." *Metropolitan Life Ins.*, 481 U.S. at 66, 107 S. Ct. at 1548; *see* 481 U.S. at 67-68, 107 S. Ct. at 1548 (Brennan, J., concurring) ("In future cases ... the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand ....").

The court agrees with virtually every court that has considered the issue that the FCRA does not have a completely preemptive effect. *See Rule v. Ford Receivables*, 36 F. Supp. 2d 335 (S.D.W.V. 1999); *Swecker v. Trans Union Corp.*, 31 F. Supp. 2d 536 (E.D. Va. 1998); *Sherron v. Private Issue by Discover*, 977 F. Supp. 804 (N.D. Miss. 1997); *Harper v. TRW, Inc.*, 881 F. Supp. 294 (E.D. Mich. 1995). *But see Williams v. Metropolitan Life Ins. Co.*, 1994 WL 529880 (S.D.N.Y. Sept. 28, 1994) (taking jurisdiction over state claims apparently based on the ordinary preemptive effect of the FCRA). The telltale signs of congressional intent which the Supreme Court has identified in other federal statutes are entirely missing here. Indeed, there is simply no evidence of an intent, express or implied,

to make state law claims based on credit reporting errors removable to federal court. The complete preemption doctrine therefore does not apply in this case.[7]

The Supreme Court has crafted a few specific and carefully limited exceptions to the well-pleaded complaint rule. The defendants have not succeeded in fitting this case within any of them.[8] As the discussion above reveals, neither the artful pleading doctrine nor any other related exceptions apply in this case.[9] *See also Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 367 & n.3 (5th Cir. 1995) (plaintiffs' choice of claims governs except in "extraordinary circumstances"). The defendants have established at most that the plaintiffs' might have been able to bring a FCRA claim, and that the FCRA might doom the plaintiffs' state law claims to failure. An exception allowing federal jurisdiction to attach in such circumstances would swallow the well-pleaded complaint rule. The very foundation of that rule is that plaintiffs are entitled to choose, for better or for worse, to rely only on state claims. *Marcus*, 138 F.3d at 52. "'[I]f by doing so plaintiff cannot avail himself of a remedy arguably available under federal law, then so be it.'"

---

[7] The Court wishes to make clear, however, that it does not hold that the plaintiffs' state law claims are *not* pre-empted by the FCRA. It merely holds that there is not such "complete preemption" as would support removal to federal court. After remand, the state court may still independently conclude that the FCRA pre-empts the plaintiffs' state law claims. *See Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539, 1540 (11th Cir. 1986) (per curiam); *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408-09 (5th Cir. 1991); *see also Franchise Tax Bd.*, 463 U.S. at 12-14 & n.12, 103 S. Ct. at 2848 & n.12 (where federal court lacks removal jurisdiction, state court should determine whether preemption defense has merit).

[8] Indeed, most of the cases cited by the defendants hold only that FCRA claims pleaded directly by the plaintiffs are removable. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998). This proposition, of course, is entirely consistent with the well-pleaded complaint rule.

[9] The cases use the term "artful pleading" variously to describe all the exceptions to the well-pleaded complaint rule, including complete preemption, and a specific exception distinct from the others and applying where federal issues and interests are so intertwined with a state law claim that jurisdiction is proper. *See, e.g., Marcus*, 138 F.3d at 55; *Four Way Plant Farm, Inc. v. NCCI*, 894 F. Supp. 1538, 1543 (M.D. Ala. 1995) (Albritton, J.) (artful pleading covers only two specialized exceptions, one of which is complete preemption).

*Anziulewicz v. Bluefield Community Hosp., Inc.*, 531 F. Supp. 49 (S.D. W. Va. 1981). Whether or not the plaintiffs, having made this choice, are entitled to prevail is a matter which the state courts are more than qualified to resolve. The court must therefore assess its jurisdiction based on the claims asserted by the complaint. Those claims sound only in state law, so federal question jurisdiction is not proper.

This court therefore concludes that no federal question jurisdiction is present in this case. As noted above, diversity jurisdiction is not present either. Accordingly, the plaintiffs' motion to remand will be granted and this cause will be remanded to the Bessemer Division of the Circuit Court of Jefferson County, Alabama, whence it was improvidently removed. Costs of removal will be taxed against the removing defendants and in favor of the plaintiffs.

Done, this 31st of August, 1999.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE